IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                          PLAINTIFF

v.                                              No. 4:04CR00170 GH
                                                [No. 4:06CV00286 GH]

JIMMY LEE MOSBY                                                                                   DEFENDANT

## ORDER

On November 12, 2004, defendant entered a guilty plea to the indictment charging him with being a felon in possession of a firearm. Objections to the pre-sentence report were filed on January 28, 2005.[1] Defendant was sentenced on March 1, 2005, to 180 months imprisonment to be followed by four years of supervised release and a $100 special assessment. The judgment and commitment was filed on March 7, 2005, and entered on the docket on March 9, 2005.

On April 27, 2005, defendant filed a motion to proceed *in forma pauperis* ("IFP") in which he declared that he was filing a motion under 28 U.S.C. §2255. The motion reflected that it was executed by defendant on March 10, 2005. By order filed on May 4, 2005, the Court granted that IFP motion.

Defendant, on July 21, 2005, filed a motion for leave to appeal on the grounds that he improperly sent his notice of appeal to the prosecutor instead of the Clerk, that he had stated at his sentencing that his attorney had failed to provide him with adequate and effective assistance of

---

[1] While the objections were *pro se*, defendant's counsel had signed the certificate of counsel attached to the objections.

-1-

counsel, that he was requesting that the motion be official notification as a request to have his notice of appeal properly documented, and that counsel be appointed in filing a direct appeal.

By order filed on July 27, 2005, the Court denied his motion as the period for appealing had expired that March and his motion was clearly outside the time-frame provided for an extension so that an appeal was simply unavailable to defendant at that time and the Court was without the authority to grant him leave to appeal.

Defendant next filed a motion, on December 14, 2005, for a copy of his trial transcript as he was planning to file a motion, under 28 U.S.C. §2255 to vacate, set aside or correct sentence. By order filed on December 29, 2005, the Court denied that motion.

On March 3, 2006, defendant did file a motion, under 28 U.S.C. §2255, to vacate, set aside or correct sentence. He alleges that his counsel rendered ineffective assistance by failing to file a notice of appeal as specifically instructed to do so by defendant and failing to notify defendant of the refusal to file the notice of appeal so that it was too late when defendant attempted to do so himself. Defendant also asserts that his counsel failed to adequately present objections to the criminal history of defendant which resulted in the enhancement of being an armed career criminal. In his final claim, defendant contends that his counsel failed to utilize a recent Supreme Court decision relating to the Sixth Amendment right to a jury establishing all facts that are utilized in enhancing a sentence which violated the reasonable doubt standard. As relief, he asks that he be re-sentenced without the armed career offender enhancement for a total of 77-96 months.

Defendant filed a supporting brief on March 17th, stating first that his motion was timely filed under the mail box rule on February 28, 2006. He continues that he expressly instructed his attorney, Faber Jenkins, to file an appeal and also points to his attempt to send a *pro se* notice of

appeal, and seeking *in forma pauperis* status and appointment of counsel. Defendant argues that the failure to file an appeal in disregard of the defendant's request is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. He asserts that in the event the government obtains an affidavit from Jenkins, a hearing is needed to show that Jenkins failed to perfect the appeal.

Defendant also asserts that Jenkins failed to adequately factual and legal objections to defendant's Criminal History resulting in the enhancement of being an armed career criminal as Paragraphs 8, 23, 24, and 26 could not be properly substantiated by documentation and that one of the predicate offenses was invalid and erroneous. He specifies that the prior offense charging documents and statute of conviction were erroneous and did not meet the standard of the "categorical approach;" that the government's use of the documents such as the police reports, presentence reports or complaints did not conclusively prove that the convictions met he statutory definitions; that the charging indictment did not state that the enhancement would be applied to defendant which failure to provide full disclosure of the offense to which he would be sentenced resulted in the indictment being defective; that he pled only to the offense he was charged with and did not admit to the prior convictions that were utilized to place the enhancement upon him; and the prior convictions used to enhance the sentence must be charged in the indictment and proven to the jury beyond a reasonable doubt. Defendant states that he voiced objections of the erroneous information contained in the report, but the illegal enhancement was allowed due to the incompetence and ineffective assistance of counsel who ignored his instructions to appeal.

Defendant argues that Jenkins failed to realize that the sentencing enhancements were required to be proven beyond a reasonable doubt and that application of the career offender provision has a disparate impact on minority defendants.

The government filed a response on May 1st that his §2255 motion executed on March 12th was more than a year after his sentence became final on March 9th so the Court lacks jurisdiction

It next addresses the claim that his counsel failed to adequately research his prior criminal history and that the prior convictions are not legally adequate to prove crimes of violence. The government states that both defendant and his counsel raised factual objections to the propr criminal convictions before sentencing with defendant filing written objections that were addressed by the probation officer and were again raised at sentencing. It asserts that the Court considered and rejected defendant's objections to PSR paragraph 23 finding that he was convicted and sentenced as an adult for robbery and burglary which neither defendant nor his attorney denied that he had been so convicted although defendant objected to whether he was old enough to have been convicted as an adult and whether he was factually innocent of the charges. The government notes that the documents from those convictions were provided to defendant in open court. It continues that defendant did not deny that he was convicted of the murder charge in paragraph 24 of the PSR and, in fact, implicitly admitted that conviction and the third qualifying predicate felony was in paragraph 26 of the PSR for a drug tracking – delivery of controlled substance. The government states that both defendant and his attorney objected to the prior convictions, but proof was provided to the Court so the fact of his prior convictions was proved by competent evidence. It also points out that Jenkins described what research he had done in obtaining all but the St. Francis County convictions

that he reviewed from documents provided to him by the probation office and had represented defendant on prior occasions.

Turning to the argument that his punishment must be increased by a jury rather than the Court, the government states that argument has been consistently rejected by the Eighth Circuit. On the issue of the failure to file an appeal, the government respond that defendant's counsel reports that defendant did not ask him to file an appeal and, even if there were some error, defendant has not articulated what the basis of an appeal would be of that an appeal would be successful and so has failed to demonstrate any prejudice.

On May 26th, defendant filed a reply that he submitted his motion on February 28th under the prison mail box rule so that the motion is timely filed although he did follow with a supporting brief which addressed all of the issues that were raised in the timely filed motion. He contends that the government has not rebutted that he requested his attorney to file a direct appeal, that Jenkins did not provide a sworn affidavit rebutting that claim, and to failure to appeal deprived him of an appeal of his illegal sentence and he is not required to establish that he would necessarily succeed on the claim.

The Court finds that the §2255 motion was timely filed on March 3rd which was within one year of the entry of the judgment and commitment on the docket on March 9, 2005.[2] Defendant clearly identified his three claims in the motion and the supporting March 17th brief did not raise any new claims or issues although it provided a more complete factual and legal framework.

---

[2] Indeed, utilizing the prison mail box rule, defendant mailed the §2255 motion on February 28th which was less than a year before the actual March 1, 2005 sentencing hearing.

The case of Hayes v. United States, 2006 WL 1061946, *2-3 (E.D. Ark. 2006), provides the following summary regarding the failure to appeal claim:

> To establish ineffective assistance of counsel, a defendant must show "(1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." Roe v. Flores-Ortega, 120 S.Ct. 1029, 1034 (2000)(citing Strickland v. Washington, 104 S.Ct. 2052, 2064-65 (1984)). The Supreme Court has long held that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Id. at 1035(citing Rodriquez v. United States, 89 S.Ct. 1715 (1969)). And, "when counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would likely have had merit." Peguero v. U.S., 526 U.S. 23, 28 (1999)(citing Rodriquez v. United States, 395 U.S. 327, 329-30 (1969)). [FN2]
>
> > FN2. The United States argues that Hayes cannot demonstrate prejudice based on West's failure to file a notice of appeal because he cannot show that he would have been successful on appeal. However, if Hayes establishes that West failed to file a requested appeal, he need not show prejudice or the likelihood of success on appeal. See Kurkowski v. U.S., 221 F.3d 1342, 2000 WL 872982, * 1 (8th Cir. 2000)("We do not require a showing of prejudice or the likelihood of success on appeal when the issue is whether counsel deprived the movant of his right to a direct appeal.").
>
> ****
>
> The United States offers no evidence to contradict Hayes' contention that he advised West that he wanted to appeal his sentence and that West disregarded his request. [FN3] Accordingly, the Court finds that the record shows, conclusively, that Hayes requested that West file a notice of appeal. Furthermore, the Court finds that West's failure to file a notice of appeal was professionally unreasonable and that Hayes is entitled to a new appeal without showing that his appeal would likely have merit. The Court will follow the procedure prescribed by the Eighth Circuit when a defendant has been unconstitutionally deprived of appellate review because of ineffective assistance of counsel. See U.S. v. Beers, 76 F.3d 204, 206 (8th Cir. 1996) (procedure is to vacate sentence, with the time for appeal commencing from the date of resentencing).
>
> > FN3. According to Hayes' affidavit, West also misinformed him that the Court's alternative sentences were self-executing. Given the confusion and uncertainty surrounding guideline sentencing that existed after the decision in Blakely v. Washington, 125 S.Ct. 21 (2004), and before United States v. Booker, 125 S.Ct. 738 (2005), West's misapprehension regarding the alternative sentences was understandable.

-6-

The Court is persuaded that the pleadings present a dispute that will have to be resolved through an evidentiary hearing as to whether defendant did request Jenkins to file an appeal. Bruce Eddy of the Federal Public Defenders Office is appointed to represent defendant at the hearing on the issue of whether Jenkins refused to file an appeal when directed to do so by defendant. See, Rule 8(c) of the Rules Governing Section 2255 Proceedings; Roney v. United States, 205 F.3d 1061 (8th Cir. 2000). If the Court finds that defendant did request Jenkins to file an appeal and that Jenkins did not do so, the Court will vacate the current sentence and immediately proceed with a new sentencing hearing for defendant. In the event that the current sentence is vacated, the appointment of Eddy will be extended for the resentencing and so he should be prepared for such a resentencing after the conclusion of the evidentiary hearing. Eddy is directed to let the Courtroom Deputy know when he has had an opportunity to talk to the defendant and review the record so that a hearing can be scheduled.

To defendant's argument that his attorney was ineffective in not realizing that the sentencing enhancements had to be proved beyond a reasonable doubt, the case of United States v. Headbird, 461 F.3d 1074, 1079 (8th Cir. 2006), explains why this claim is without merit:

> As an initial matter, Headbird alleges the district court erred in increasing his sentence based upon judicial findings regarding the fact and nature of his prior convictions and the aggravating circumstances surrounding his firearm possession. We have previously rejected these arguments. See United States v. Johnson, 408 F.3d 535, 540 (8th Cir. 2005) (noting that the Supreme Court has not overruled Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and that Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), did not alter the rule that a district court may consider prior criminal history in fashioning a sentence); United States v. Patterson, 412 F.3d 1011, 1015-16 (8th Cir. 2005) (explaining that once a court determines a prior conviction exists, it properly considers the legal question as to the offense's characterization as a violent felony); United States v. Pirani, 406 F.3d 543, 552 n. 4 (8th Cir. 2005) (noting that sentencing enhancement determinations need not be submitted to a jury and that "[n]othing in Booker suggests that sentencing judges are required to find sentence-enhancing facts beyond a reasonable doubt under the advisory Guidelines regime"); United States v. Marcussen, 403

F.3d 982, 984 (8th Cir. 2005) (holding that neither the existence or nature of a prior conviction need be proven to a jury beyond a reasonable doubt for sentencing enhancement purposes).

The Court must also reject defendant's argument that the indictment was defective in not charging him with a sentencing enhancement. In United States v. Bates, 77 F.3d 1101, 1105-1106 (8th Cir. 1996), the appellate court discussed the issue as excerpted below:

> Bates claims that he was denied due process at the sentencing phase because he received no formal notice in the indictment or judgment that he would be sentenced under 18 U.S.C. § 924(e)(2), which mandates a minimum fifteen-year sentence for a defendant convicted under section 922(g) who has three prior convictions for a violent felony or serious drug offense. Because both the indictment and the judgment referred to section 924(a)(2), which provides a maximum sentence of ten years imprisonment, rather than section 924(e)(1), Bates claims that he can constitutionally be sentenced to no more than the ten years provided in section 924(a)(2). We review this constitutional claim de novo. Johnson, 56 F.3d at 953.
>
> References in the indictment to sentence enhancements such as section 924(e) are "mere surplusage" and "may be disregarded if the remaining allegations are sufficient to charge a crime." United States v. Washington, 992 F.2d 785, 787 (8th Cir.) (quotation omitted), cert. denied, 510 U.S. 936, 114 S.Ct. 356, 126 L.Ed.2d 320 (1993). Although surplusage, such language in the indictment "serves a valid and useful purpose in that it gives notice to the defendant from the start that the government intends to seek the enhanced sentence if the defendant is convicted." Id. Assuming due process requires notice to the defendant that the government intends to enhance his sentence under a specific statutory provision, we believe that Bates received adequate notice nonetheless. Two of the three convictions relied upon to enhance his sentence were proven at trial. The other was fully set out in the presentence investigation report, leaving Bates with "ample opportunity to investigate his earlier convictions and to challenge the requirements of § 924(e)(1)." United States v. Adail, 30 F.3d 1046, 1047 (8th Cir.) (per curiam), cert. denied, 513 U.S. 1051, 115 S.Ct. 653, 130 L.Ed.2d 557 (1994). The absence of any prior notice could not have affected the fairness of Bates's sentencing. Because sentencing is a separate phase of the criminal process, notice of which offenses the Government would be able to rely on in order to enhance Bates's sentence became relevant only at the sentencing stage. United States v. McMurray, 20 F.3d 831, 833-34 (8th Cir. 1994).

See also, United States v. Moore, 208 F.3d 411, 414 (2nd Cir. 2000):

> While we have never considered whether the Oyler rule should apply in the context of the Armed Career Criminal Act, the other circuit courts that have addressed the question have held that it does. See United States v. O'Neal, 180 F.3d 115, 126 (4th Cir. 1999) (the listing of a predicate offense in the Presentence Report provides sufficient notice that section 924(e)

will be applied); United States v. Craveiro, 907 F.2d 260, 264 (1st Cir. 1990) (due process does not require pre-trial notice that enhanced sentencing may be sought under section 924(e)). We join those circuits in holding that there is no constitutional requirement that a defendant be given notice before trial that a sentencing enhancement pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), may be sought after conviction. We therefore reject Moore's second argument.

The record establishes that Jenkins did research and did raise objections to the prior criminal convictions that defendant argues were improperly utilized in sentencing him as an armed career criminal. The presentence report reflects objections by defendant to Paragraphs 23, 24 and 26 which were the convictions used in the enhancement – two violent felonies (a robbery and several burglaries of residences in 1973 and a murder in1974) and a serious drug offense (delivery of a controlled substance in 1990) all committed on different occasions. Jenkins had researched the convictions out of Pulaski County and reviewed the St. Francis County documents provided to him by the probation office. Both the written objections and the sentencing transcript show that defendant and his counsel sought to exclude those convictions due to being a minor and being outside a 15-year time frame. However, the certified records of the convictions at issue presented by the probation office at the sentencing demonstrate that he was sentenced as an adult. There is no 15-year time limit under the Armed Career Criminal Act and defendant has not cited any authority for such a limit under the Act. Therefore, the objections were indeed raised, but were properly rejected by the Court is light of the certified records produced by the probation office.

Accordingly, Bruce Eddy of the Federal Public Defenders Office is appointed to represent defendant at an evidentiary hearing on the issue of whether Faber Jenkins refused to file an appeal when directed to do so by defendant. Thus, Eddy is now counsel of record for defendant in place of Faber Jenkins. If the Court finds that defendant did request Jenkins to file an appeal and that Jenkins did not do so, the Court will vacate the current sentence and immediately proceed with a

new sentencing hearing for defendant. In the event that the current sentence is vacated, the appointment of Eddy will be extended for the resentencing and so he should be prepared for such a resentencing after the conclusion of the evidentiary hearing. Eddy is directed to let the Courtroom Deputy know when he has had an opportunity to talk to the defendant and review the record so that a hearing can be scheduled. The Court finds that there is no merit to the remaining §2255 claims.

IT IS SO ORDERED this 22nd day of January, 2007.

_____
UNITED STATES DISTRICT JUDGE